YELVERTON, Judge.
Appellant, Wilson Savoy, was found guilty by a jury of two counts of obtaining controlled dangerous substances by fraudulent means, a violation of La.R.S. 40:971(B). He seeks review of his conviction based on three assignments of error. We affirm the conviction.
On February 25, 1987, Savoy entered a pharmacy in Lawtell and produced prescriptions in his name for 100 Tylenol-4 (codeine) tablets and 60 Desoxyn tablets. After Savoy identified the physician whose name appeared on the prescriptions, the pharmacist filled the prescription for the codeine but informed appellant that the pharmacy had only 55 Desoxyn tablets in *836 its inventory. The pharmacist offered to dispense the tablets in stock but explained to appellant that the prescription for the remaining five tablets would then be void. Savoy rejected the offer and left the pharmacy. About 30 minutes later, he returned and said he would take the 55 Desoxyn tablets. The pharmacist later learned the prescriptions were invalid and contacted law enforcement officials.
At trial, Dr. Charles Brown, whose name and federal narcotics number appeared on the prescriptions, testified that he had never treated appellant, that he had not prescribed narcotics to appellant, and that the signature on the prescriptions was not his.
ASSIGNMENT OF ERROR NO. 1:
Defendant wanted to show at the trial that his addiction to drugs was so compulsive that taking them and becoming intoxicated by them was involuntary, and that for this reason he should be exempt from criminal responsibility. His expert witness, Dr. Hunter Shirley, a clinical psychologist, who did not know defendant at the time of this offense, but treated him later, opined that on February 25, 1987, the date of the offense, Savoy was completely intoxicated and could not control his actions. Dr. Shirley testified, however, that Savoy knew what he was doing.
On the basis of this testimony the defendant requested a jury instruction on involuntary intoxication. The trial court did not give the requested instruction, but did instruct the jury on the law of La.R.S. 14:15(2), that it was a defense to a prosecution where the circumstances indicated that an intoxicated or drugged condition had precluded the presence of a specific criminal intent or of special knowledge required in a particular crime.
Although this assignment of error is worded as a failure of the trial court to permit introduction of evidence of involuntary intoxication, we regard the import of the assignment as the refusal of the trial court to give an instruction on involuntary intoxication. We make this interpretation because Dr. Shirley testified to just about everything that the defendant wanted him to say, and the only objection that appears m the record addressed the refusal of the the trial court to give the requested jury instruction.
There is no merit to this assignment. There was no evidence in this record of involuntary intoxication as defined in La. R.S. 14:15(1) and explained by the reporter’s comment to that article. Defendant was not entitled to the instruction.
ASSIGNMENT OF ERROR NO. 2:
During closing arguments, defense counsel was about to discuss the facts and law of a specific reported decision, when the trial judge interrupted and forbade it. Although he did not then object (and therefore did not preserve the objection for appellate review, LSA-C.Cr.P. art. 841), defendant now assigns this ruling as error.
It was not error. It is improper to read and cite an appellate decision in closing arguments. State v. Elam, 312 So.2d 318 (La.1975); State v. Ballard, 351 So.2d 484 (La.1977).
ASSIGNMENT OF ERROR NO. 3:
The third formal assignment of error filed with the trial court addressed the issue of whether evidence of “urgent bodily need” was admissible at trial. This assignment has not been briefed and is considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
In his appellate brief, Savoy argues, as assignment of error No. 3, the sufficiency of the evidence. This issue was not included in the formal assignments of error, and is therefore not reviewable. State v. Darson, 470 So.2d 413 (La.App. 3 Cir.1985), writ denied, 475 So.2d 1102 (La.1985).
The conviction is AFFIRMED.